UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-12062-RGS

BAHER ANDRAWIS

v.

CITY OF EAST PROVIDENCE and the STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS

MEMORANDUM AND ORDER

December 17, 2021

For the reasons stated below, the court grants plaintiff's motion to proceed *in forma pauperis*, denies plaintiff's motion for immediate hearing and advises plaintiff that his complaint is subject to dismissal.

INTRODUCTION

On December 16, 2021, plaintiff Baher Andrawis ("plaintiff" or "Andrawis"), a resident of Medford, Massachusetts, filed his self-prepared complaint seeking monetary damages from the City of East Providence and the State of Rhode Island. *See* Docket No. 1. Plaintiff's complaint consists primarily of a recounting of events surrounding the search of his home in East Providence, Rhode Island, and the subsequent seizure of a number of cats from the home.

With his complaint, Andrawis filed a motion seeking an immediate hearing as well as an Application to Proceed in District Court without Prepaying Fees or Costs. *See* Docket Nos. 2, 3.

## FILING FEE

A party filing a civil action must either pay the filing fee or file an application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914(a); 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Upon review of Andrawis' Application, the Court concludes that he has shown that he is without assets to pay the filing fee. Accordingly, his Application is allowed.

## SCREENING OF THE COMPLAINT

Because the plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court accepts well-pleaded allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Twombly*, 550 U.S. at 555. "The fundamental purpose" of pleading rules like Rule 8 "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008). Rule 8's requirement of a "short and plain statement" protects defendants and courts from the "unjustified burden" of parsing and responding to unnecessarily lengthy pleadings. *Belanger v. BNY Mellon Asset Mgmt., LLC*, 307 F.R.D. 55, 57-58 (D. Mass. 2015) (quotation marks omitted); accord 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1281, 709 (3d ed.).

Rules 8(d) and 10(b) impose additional requirements intended to further advance the fundamental purposes of giving defendants fair notice of the claims asserted against them and permitting them to formulate cogent answers and defenses to those claims. Specifically, Rule 8(d) requires

3

"simple, concise, and direct" allegations, while Rule 10(b) mandates that claims be conveyed "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

A pro se plaintiff such as Andrawis is entitled to a liberal reading of his allegations, even when such allegations are inartfully pled. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

## DISCUSSION

Although the plaintiff does not invoke 42 U.S.C. § 1983, the court liberally construes the *pro se* complaint as asserting a claim under 42 U.S.C. § 1983. Section 1983 creates a private right of action through which plaintiffs may recover against state actors for constitutional violations. *Goldstein v. Galvin*, 719 F.3d 16, 24 (1st Cir. 2013) (citing *Rehberg v. Paulk*, 566 U.S. 356, 360 (2012)).

### A. Pleading Requirements of the Federal Rules of Civil Procedure

Even construed liberally, Andrawis' complaint does not satisfy the pleading requirements set forth in the Federal Rules of Civil Procedure and referenced above. It is not "short and plain," its allegations are not "simple, concise, and direct," and its paragraphs are neither "numbered" nor "limited to a single set of circumstances." Fed. R. Civ. P. 8(a)(2), 8(d), 10(b). Several

individuals are described in the body of the complaint and it is unclear whether Andrawis intends to include these individuals as parties to this action. It is impossible to discern from the complaint precisely who Andrawis alleges is liable for which alleged misconduct.

    B.    *Younger* Abstention Doctrine

To the extent that a state proceeding is ongoing in the Rhode Island District Court, this federal court must abstain from exercising jurisdiction under *Younger v Harris*, 401 U.S. 37 (1971). In determining whether to abstain, a court must first determine if the parallel state court proceeding is the qualifying type of proceeding; second, determine if there is ongoing state judicial proceeding that implicates "important state interests and provides an adequate opportunity to raise federal defenses," and third, determine whether any of the exceptions to *Younger* abstention apply. *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192-193 (1st Cir. 2015).

Because the proceeding in Rhode Island falls within a class of cases for which *Younger* abstention is required, and there is no exception that would counsel against *Younger* abstention in this case, this court must refrain from exercising jurisdiction. For this reason, Andrawis' motion for hearing will be denied.

    C.    Claims against the City of East Providence

To the extent plaintiff brings this action against the City of East Providence, the complaint fails to state a claim upon which relief may be granted. For an official capacity claim against the City of East Providence, the question is whether the City itself violated the plaintiff's constitutional rights. A municipality may be found liable under Section 1983 only if the violation of the plaintiff's rights is attributable to a municipal policy or custom. *Monell v. Dep't. of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)). Therefore, a viable Section 1983 claim must show (1) a violation of a protected right, and (2) the violation was attributable to a policy or custom of the City of East Providence. *See Collins v. City of Harker Heights,* 503 U.S. 115, 120 (1992).

Here the complaint fails to reference a policy or custom by the City of East Providence to support a Section 1983 claim. Plaintiff's complaint fails to allege that any deprivation of his rights was attributable to a policy or custom of the City of East Providence. Absent such claim, there is no support for a Section 1983 claim. Therefore, as to the City of East Providence, the claims are subject to dismissal.

    D.    Claims against the State of Rhode Island

To the extent plaintiff brings this action against the State of Rhode Island, the complaint fails to state a claim upon which relief may be granted. The Eleventh Amendment bars this federal court from hearing a claim for monetary damages against the State of Rhode Island. Under the Eleventh Amendment, a state and its agencies are immune from suit by private citizens, unless the State has waived its immunity, or Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Additionally, a state is not a 'person' under § 1983. *Will*, 491 U.S. at 70-71.

## LEAVE TO AMEND

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Given that Andrawis is proceeding *pro se*, he will be granted an opportunity to amend the complaint to correct the pleading deficiencies noted above.

If plaintiff files an amended complaint, he must identify the nature of his claims and the allegedly wrongful conduct of each defendant. In addition, the title of the amended complaint must name all the parties. *See* Fed. R. Civ. P. 10(a). The factual allegations must be set forth in numbered paragraphs. *See* Fed. R. Civ. P. 10 (b). Each numbered paragraph should be "limited as far as practicable to a single set of circumstances." *Id.*

As an amended complaint completely replaces the original complaint, *see Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008), the plaintiff should repeat in any amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint.

### ORDER

Based on the foregoing, it is hereby ORDERED

1. Plaintiffs' motion (Docket No. 3) to proceed *in forma pauperis* is allowed.
2. Plaintiffs' motion (Docket No. 2) for immediate hearing is denied.
3. If plaintiff wishes to proceed with this action, he shall, on or before January 7, 2022, file an amended complaint. Failure of plaintiff to comply with this directive on or before January 7, 2022, will result in the dismissal of this action.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE